Robert L. LIPSCOMB, Appellant,

v.

UNITED STATES of America.

No. 17276.

United States Court of Appeals
Eighth Circuit.

Feb. 21, 1963.

Robert E. Lipscomb, appellant, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., for appellee.

PER CURIAM.

The case is permitted to be docketed without payment of fee but appeal is dismissed as being frivolous.

ROOFIRE ALARM COMPANY, Plaintiff-Appellant,

v.

ROYAL INDEMNITY CO., Defendant-Appellee.

No. 15008.

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1963.

Sizer Chambliss, Chattanooga, Tenn. (John A. Chambliss, Chattanooga, Tenn., on the brief; Chambliss, Chambliss & Hodge, Chattanooga, Tenn., of counsel), for appellant.

J. Guy Beatty, Jr., and Jere T. Tipton, Chattanooga, Tenn. (Miller, Martin, Hitching, Tipton & Lenihan, Chattanooga, Tenn., of counsel), for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

ORDER.

This is an appeal from an order of the United States District Court for the Eastern District of Tennessee, Southern Division, granting summary judgment to the defendant-appellee. The plaintiff-appellant's action is brought under sections 1 and 3 of Title 15 U.S.C., commonly known as the Sherman Anti-Trust Act.

The appellant claims that it is licensed to market a fire alarm device and that the marketability of this device has been adversely affected by the refusal of Underwriters' Laboratories, Inc., to test the device and publish the results of its tests in a publication it circulates under the title Fire Protection Equipment. It is further claimed by the appellant that the appellee acted in concert with Underwriters' Laboratories, Inc., The National Board of Fire Underwriters of the United States, and the National Fire Protection Association, to prevent its device from being tested and listed by Underwriters' Laboratories, Inc., in its publication.

The appellant by its action in the District Court sought a declaratory judgment as to the effect of the alleged concert of action and an injunction against the appellee, Royal Indemnity Company, from acting in concert with Underwriters' Laboratories, Inc., in restraint of trade.

The facts are fully set forth in the opinion of Judge Wilson, reported at D.C., 202 F.Supp. 166.

The case on appeal was submitted to this Court on the briefs and appendices of the parties and upon oral arguments of counsel. Upon consideration the Court concludes that the motion for summary judgment was properly sustained for the reasons set forth in the opinion of the trial judge.

It is therefore ordered and adjudged that the judgment of the District Court be and it is hereby affirmed.