**STRUCTURAL LAMINATES, INC., a corporation, Appellant,**

v.

**DOUGLAS FIR PLYWOOD ASSOCIATION, a corporation, Appellee.**

**No. 21941.**

United States Court of Appeals Ninth Circuit.

July 23, 1968.

Rehearing Denied Aug. 21, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 636.

Lee Johnson (argued), of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Ore., for appellant.

Alfred J. Schweppe (argued), of Schweppe, Doolittle, Krug & Tausend, Arthur S. Langlie, Seattle, Wash., for appellee.

Before HAMLEY and CARTER, Circuit Judges, and BOLDT,* District Judge.

PER CURIAM:

As stated in the final pretrial order, appellant's claim is grounded solely on an alleged *conspiracy* to restrain trade in violation of Section 1 of the Sherman Act (15 U.S.C. § 1) by appellee and some or all of the members comprising the appellee association. Appellant admits its allegations, if proved, would not constitute a per se violation of the Sherman Act. Maple Flooring Manufacturers Association v. United States, 268 U.S. 563, 45 S.Ct. 578, 69 L.Ed. 1093 (1925); Tag Manufacturers Institute v. FTC, 174 F.2d 452 (1st Cir., 1949). In argument and the briefs, appellant concedes that reasonableness of appellee's conduct and any restraint of trade resulting therefrom is the basis upon which determination of plaintiff's claim by the trial court, and review thereof on this appeal, must rest. Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619 (1910); Chicago Board of Trade v. United States, 246 U.S. 231, 38 S.Ct. 242, 62 L.Ed. 683 (1918); Roofire Alarm Co. v. Royal Indemnity Co., 202 F.Supp. 166 (E.D. Tenn., 1962), app. Dism. 313 F.2d 635 (6th Cir., 1963), cert. den. 373 U.S.

* Hon. George H. Boldt, United States District Judge, Tacoma, Washington, sitting by designation.

**156**

949, 83 S.Ct. 1678, 10 L.Ed.2d 704 (1963).

The trial court specifically found (1) conspiracy was not shown by the evidence and, (2) appellee's conduct, and any restraint of trade resulting therefrom, were reasonable under all of the circumstances existing at the time of the events in question. Our review of the entire record discloses ample evidence supporting both findings of the trial court and no fact finding by the trial court is held clearly erroneous. Rule 52(a), Fed.R. of Civ.Proc.; Cataphote Corp. v. DeSoto Chemical Coatings, Inc., 356 F.2d 24, 26 (9th Cir., 1966); Sherrill v. McShan, 356 F.2d 607 (9th Cir., 1966).

Absence of bad purpose in appellee's conduct was merely a circumstance considered by the trial court, together with a variety of other facts found from the evidence, negativing conspiracy. We are satisfied the reference in the trial court's decision to intent and purpose, when reviewed in context, does not support appellant's contention that the trial court considered specific intent or evil purpose to be a prerequisite for recovery by appellant.

Affirmed.